**Prado McGEE, Jr., Petitioner-Appellant,**

**v.**

**W.J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.**

No. 81–1498.

United States Court of Appeals, Fifth Circuit.

Jan. 16, 1984.

James W. Rice, Houston, Tex., for petitioner-appellant.

Charles A. Palmer, Asst. Atty. Gen., Austin, Tex., for respondent-appellee.

Before CLARK, Chief Judge, BROWN, GEE, RUBIN, REAVLEY, POLITZ, TATE, JOHNSON, WILLIAMS, GARWOOD, JOLLY and HIGGINBOTHAM, Circuit Judges*.

* Judge Randall did not participate in the consideration of this decision. Judge Davis was not a member of the court when this case was sub-

ALVIN B. RUBIN, Circuit Judge:

The federal habeas corpus statute provides that an "application in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b). We reheard this case en banc to consider whether the state may waive this statutory requirement and, if so, whether the state's attorney general has the power to act on behalf of the state. In addition, we consider whether a state's contention that the applicant failed to present his objection at the initial state trial implicitly raises the defense of non-exhaustion, whether the applicant's failure to exhaust state remedies may be raised as a defense by the state for the first time on appeal, and whether, if the state does not raise the issue, this court may do so sua sponte.

### I.

After a trial by jury, Prado McGee, Jr. was convicted by the State of Texas in 1977 of theft of property valued between $200 and $10,000, a third degree felony, enhanced by two prior felony convictions, for theft in 1960 and for burglary in 1969. This was in accordance with the requirements of the Texas Penal Code, which provides that, if a convicted person is shown to have previously been finally convicted of two felony offenses, his sentence must be increased or "enhanced" and he shall be punished by confinement in the Texas Department of Corrections for life. Tex.Penal Code Ann. § 12.42(d) (Vernon 1974). McGee's conviction was affirmed by the Texas Court of Criminal Appeals in an unreported per curiam opinion.

Texas Criminal trials are bifurcated. Tex.Penal Code Ann. § 37.07 (Vernon 1974). After a verdict of guilty is received, the jury is informed of the facts affecting the punishment that should be imposed and it then assesses that punishment unless the defendant has elected to have the judge do so. McGee sought habeas corpus in state court on the ground that his 1960 conviction was void because he was denied the assistance of counsel at the sentencing phase of that trial and, as a result, was not advised of his right to appeal the conviction. His application was dismissed without prejudice because he had not attested to his pleadings as Texas law required. He did not attempt to correct this procedural defect. Because McGee failed to attest his state habeas petition, no Texas court has reviewed the merits of his constitutional claim.

McGee then filed an application for habeas in federal district court. The State of Texas, appearing through its Attorney General, filed a motion to dismiss and answer. In accordance with rule 5 of the Rules Governing Section 2254 Cases (Section 2254 Rules), which require the answer to "state whether the petitioner has exhausted his state remedies including any post-conviction remedies available to him," the state asserted that it "believe[d] that the petitioner has sufficiently exhausted his available state remedies" and sought dismissal of the complaint pursuant to rule 9(a) of the Section 2254 Rules on the ground that the challenged conviction had occurred more than nineteen years before the first attack on it was made in Texas state court and that, therefore, the state had been prejudiced in its ability to respond to the petition by the delay in its filing. Acting on a magistrate's recommendation, the federal district court found that the pertinent time frame by which the state's claim of undue delay must be measured began when the 1960 conviction was used for enhancement purposes.[1] The court adopted the magistrate's finding that the 1977 conviction had not become final until November 15, 1978, and that,

---

mitted to the court en banc and did not participate in the consideration of this decision.

1. The magistrate had reasoned that, because the petitioner was not in custody pursuant to his 1960 conviction upon the completion of his sentence in that cause, he was precluded from collaterally attacking the conviction. *See*

*Marks v. Estelle,* 691 F.2d 730, 734 n. 8 (5th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 3090, 77 L.Ed.2d 1351 (1983) (absence of continuing legal disability after release precludes "in custody" requirement, and hence standing to seek the writ—dictum). *See also Carafas v. LaVallee,* 391 U.S. 234, 237–40, 88 S.Ct. 1556, 1559–60, 20 L.Ed.2d 554, 558–59 (1968).

measuring from then, the petition had not been unduly delayed. But the court decided that the petition lacked merit because, even if the 1960 conviction were invalid, the prosecutor had proved at least two other valid and final convictions. The court also rejected for want of a showing of prejudice McGee's claim that his counsel in the 1977 trial had been ineffective in failing to object to the introduction of the 1960 conviction.

McGee appealed. In responding to his brief, the state challenged the district court's failure to dismiss the petition under rule 9(a) of the Section 2254 Rules. It then asserted that, by failing to voice a contemporaneous objection to introduction of the 1960 conviction when it was offered in evidence, the petitioner had lost his right to assert this claim under the rule of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); that the 1960 theft conviction was not invalid and was properly used to enhance McGee's punishment; and that McGee had received effective assistance of counsel. It did not question his exhaustion of state remedies. Labelling them "threshold issues," the panel that considered McGee's appeal raised sua sponte the questions whether McGee had exhausted state remedies and, if not, whether the state had waived his failure to do so. *See* 704 F.2d 764, 768 (5th Cir.1983). Finding that he had not exhausted state remedies and that the state had not intended to waive the failure, the panel remanded the case to the district court for dismissal without prejudice. District Judge Eldon McMahon, sitting with the panel by designation, dissented.

## II.

After adoption of the fourteenth amendment, prohibiting the states from denying any person life, liberty, or property without due process of law, Congress gave the federal courts jurisdiction to issue writs of habeas corpus for a prisoner "in custody in violation of the Constitution, or of any treaty or law of the United States." Act of February 5, 1867, chap. 28, 14 Stat. 385 (1867). Act of March 3, 1885, c. 353, 23 Stat. 437; R.S. § 753. It was not necessary to await the termination of state proceedings; the power thus conferred could be exercised during the progress of those proceedings.

Whether a federal court was bound to exercise the power thus conferred was first considered by the Supreme Court in *Ex parte Royall.*[2] The Court noted that the question of the constitutionality of the law under which Royall had been indicted "must necessarily arise" in the state proceedings and the state court was competent to pass on that question. Under such circumstances, it held, the statute does not "imperatively require" the federal court "to wrest the petitioner from the custody of the state officers...."[3] The federal court "has the power to do so" but "it is not bound in every case to exercise such power immediately upon application being made for the writ."[4] A federal court has "discretion as to the time and mode in which it will exert the powers conferred upon it."[5] Absent "special circumstances requiring immediate action," the federal court may deny an application for habeas corpus until "the state court shall have finally acted upon the case."[6]

Federal court discretion to deny habeas corpus until state remedies have been exhausted evolved into a requirement that first recourse be to state courts.[7] In

---

**2.** 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868 (1886).

**3.** 117 U.S. at 251, 6 S.Ct. at 740, 29 L.Ed. at 871.

**4.** *Id.*

**5.** *Id.*

**6.** 117 U.S. at 253, 6 S.Ct. at 741, 29 L.Ed. at 872.

**7.** *See Rose v. Lundy,* 455 U.S. 509, 515, 102 S.Ct. 1198, 1201–02, 71 L.Ed.2d 379, 385 (1982) (exhaustion requirement antedated its codification); *Fay v. Noia,* 372 U.S. 391, 419, 83 S.Ct. 822, 838, 9 L.Ed.2d 837, 857 (1963) (same); *Ex parte Hawk,* 321 U.S. 114, 116–17, 64 S.Ct. 448, 450, 88 L.Ed. 572, 574 (1944) (applying exhaustion requirement); *United States ex rel. Kennedy v. Tyler,* 269 U.S. 13, 17–19, 46 S.Ct. 1, 2–3, 70 L.Ed. 138, 143–144 (1925) (same).

1948, the habeas corpus statute was revised to provide "an application ... shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State."[8] This was intended merely to codify the doctrine as it had been developed by the Supreme Court.[9] As *Royall*'s language shows, and as courts and commentators generally agree, the requirement of exhaustion is not jurisdictional but is merely a matter of comity.[10] If exhaustion were truly jurisdictional, we could not dispense with it as we do when state courts have had the opportunity to address the merits of petitioner's constitutional claims but have not done so. *Francisco v. Gathright,* 419 U.S. 59, 63, 95 S.Ct. 257, 259, 42 L.Ed.2d 226, 229 (1974) (per curiam); *Houston v. Estelle,* 569 F.2d 372, 375 (5th Cir. 1978); *West v. Louisiana,* 478 F.2d 1026, 1034 (5th Cir.1973) (long and unjustified delay in the particular case), *aff'd in pertinent part,* 510 F.2d 363 (5th Cir.1975) (en banc). We could not accept acknowledgments by attorneys general that state remedies are ineffective or state procedures fu-

tile without examining and ruling on the substantive correctness of each acknowledgment. We could not entertain a petition if there has been an intervening change in state law since petitioner exhausted his state remedies. *See Roberts v. LaVallee,* 389 U.S. 40, 42–43, 88 S.Ct. 194, 196, 19 L.Ed.2d 41, 43–44 (1967) (per curiam). There could not be an "unusual circumstances" exception to exhaustion. *See United States ex rel Trantino v. Hatrack,* 563 F.2d 86, 95–96 (3d Cir.1977), *cert. denied,* 435 U.S. 928, 98 S.Ct. 1499, 55 L.Ed.2d 524 (1978).

The doctrine of comity arises from the nature of our federal system, the joinder of sovereign states into a single union.[11] Mutual respect among sovereigns for the legislative, executive, or judicial acts of each other constitutes the heart of the doctrine. Considerations of finality, avoiding piecemeal litigation, and preventing disruption of custody also support comity.[12] It would pervert these principles to require a state, in the name of comity, unwillingly to

---

**8.** 28 U.S.C. § 2254(b). In full, that paragraph reads:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

**9.** *Irvin v. Dowd,* 359 U.S. 394, 405, 79 S.Ct. 825, 832, 3 L.Ed.2d 900, 907 (1959); *Young v. Ragen,* 337 U.S. 235, 238 n. 1, 69 S.Ct. 1073, 1074 n. 1, 93 L.Ed. 1333, 1336 n. 1 (1949). *See also Brown v. Allen,* 344 U.S. 443, 447–50, 73 S.Ct. 397, 403, 97 L.Ed. 469, 483–85 (1953) (reciting legislative history). *See generally,* C. Wright, A. Miller & E. Cooper, 17 Federal Practice and Procedure § 4264 at 627 (1978).

**10.** *See, e.g. Fay v. Noia,* 372 U.S. 391, 419–20, 83 S.Ct. 822, 838–39, 9 L.Ed.2d 837, 857 (1963) (quoting *Bowen v. Johnston,* 306 U.S. 19, 27, 59 S.Ct. 442, 446, 83 L.Ed. 455, 461 (1939)); *Picard v. Connor,* 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438, 443 (1971); *Darr v. Burford,* 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761, 767 (1950); *Felder v. Estelle,* 693 F.2d 549, 551 (5th Cir.1982); *Hairston v. Alabama,* 465 F.2d 675, 679 (5th Cir.1972); *Hopkins v. Jarvis,*

648 F.2d 981, 983 n. 2 (5th Cir.1981); *Stinson v. Alabama,* 585 F.2d 748 (5th Cir.1978); *United States ex rel. Johnson v. Vincent,* 507 F.2d 1309, 1312 (2d Cir.1974), *cert. denied,* 420 U.S. 994, 95 S.Ct. 1435, 43 L.Ed.2d 678 (1975); *Harris v. Superior Court,* 500 F.2d 1124, 1126–27 (9th Cir.1974) (en banc), *cert. denied,* 420 U.S. 973, 95 S.Ct. 1394, 43 L.Ed.2d 652 (1975); *Jenkins v. Fitzberger,* 440 F.2d 1188, 1189 (4th Cir.1971). *See generally* C. Wright, A. Miller & E. Cooper, *supra,* § 4264 at p. 651 & n. 59; Developments in the Law—Federal Habeas Corpus, 83 Harv.L.Rev. 1038, 1094 (1970).

Judge Albert Tate, writing for this court in *Bufalino v. Reno,* 613 F.2d 568, 570 (5th Cir. 1980), stated the doctrine thus: "The exhaustion rule does not relate to the jurisdiction of federal courts but rather addresses the appropriate exercise of that jurisdiction in light of our unique American system of dual sovereignty."

**11.** Judge Homer Thornberry has thoroughly discussed the concept of comity as a general principle in *Felder v. Estelle, supra,* as has Judge Gibbons in his dissenting opinion in *U.S. ex rel. Trantino v. Hatrack,* 563 F.2d 86, 98, 102–04 (3d Cir.1977), *cert. denied,* 435 U.S. 928, 98 S.Ct. 1499, 55 L.Ed.2d 524 (1978).

**12.** *See Galtieri v. Wainwright,* 582 F.2d 348, 359–60 (5th Cir.1978) (en banc).

endure the expense and delay of a remand to state court if the federal constitutional question must ultimately be resolved in a federal forum. *See Thompson v. Wainwright,* 714 F.2d 1495, 1504 (11th Cir.1983).

If, out of respect, federal courts defer to the state so that its courts can first pass on claims that the state has denied a person his constitutional rights, it is a corollary that they should defer equally to the state's desire that federal courts not abide a state court ruling. The supremacy of the federal constitution and the laws made pursuant to it do not convert the fifty states into dependencies. Respect should not turn into a fetish for non-precedence with the federal Alphonse endlessly insisting that the state Gaston pass first through the doorway without regard for Gaston's wishes.[13]

In other areas in which federalism dictates deference to state judicial action, waiver is recognized. In *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), the Court held that, except in extraordinary circumstances, a federal court must abstain from enjoining a pending criminal proceeding in state court. The *Younger* holding was later broadened into a doctrine precluding federal court interference with some types of civil proceedings in state courts. *See, e.g., Huffman v. Pursue, Ltd.,* 420 U.S. 592, 95 S.Ct. 1200, 43 L.Ed.2d 482 (1975) (nuisance proceedings brought by the state). Yet, in *Ohio Bureau of Employment Services v. Hodory,* 431 U.S. 471, 479, 97 S.Ct. 1898, 1903, 52 L.Ed.2d 513 (1977), the Court accepted the state attorney general's decision, made on behalf of the state, to submit voluntarily to federal proceedings. "If the State voluntarily chooses to submit to a federal forum," it stated, "principles of comity do not demand that the federal court force the case back into the State's system." 431 U.S. at 480, 97 S.Ct. at 1904.

■ Despite these principles, the circuits disagree whether the exhaustion requirement may be waived. Some do not permit waiver [14] while the position of others is ambiguous.[15] Still other circuits, including our

---

**13.** "The policies that the exhaustion rule serves are important ... [but a court] need not make a fetish of exhaustion." 17 Wright, Miller & Cooper, Federal Practice and Procedure § 4264, at 653–54 (1978). *Cf. Galtieri v. Wainwright,* 582 F.2d 348, 354 (5th Cir.1978) (en banc) ("Exceptions to the exhaustion doctrine have been developed judicially to cover situations where mechanical adherence would not further the goals of the exhaustion doctrine....").

**14.** The First, Third, and Sixth Circuits have precluded waiver. *United States ex rel. Trantino v. Hatrack,* 563 F.2d 86, 96–98 (3d Cir.1977), *cert. denied,* 435 U.S. 928, 98 S.Ct. 1499, 55 L.Ed.2d 524 (1978); *Needel v. Scafati,* 412 F.2d 761, 766 (1st Cir.1969), *cert. denied,* 396 U.S. 861, 90 S.Ct. 133, 24 L.Ed.2d 113 (1969); *Bowen v. Tennessee,* 698 F.2d 241, 242–43 (6th Cir.1983) (en banc); *but cf. Steele v. Taylor,* 684 F.2d 1193, 1206 (6th Cir.1982), *cert. denied,* —— U.S. ——, 103 S.Ct. 1501, 75 L.Ed.2d 932 (1983) (recognizing state's waiver of *Rose v. Lundy* objection to federal court's consideration of exhausted claims in mixed petition). The Tenth Circuit has held that the exhaustion requirement cannot be conceded or waived by state prosecutors. *Naranjo v. Ricketts,* 696 F.2d 83, 87 (10th Cir.1982).

**15.** The positions of the Second, Eighth, and Ninth Circuits are unclear. The Second Circuit has stated, "We do not consider that the statutory requirement of exhaustion can be waived by the State." *United States ex rel. Sostre v. Festa,* 513 F.2d 1313, 1314 n. 1 (2d Cir.1975), *cert. denied,* 423 U.S. 841, 96 S.Ct. 72, 46 L.Ed.2d 60 (1975). But in *Colon v. Fogg,* 603 F.2d 403, 407 (2d Cir.1979), the court rejected as "close to frivolous" the state's attempt to raise the exhaustion issue belatedly and in a context evidencing the futility of pursuit of state remedies. The Ninth Circuit has held that the exhaustion requirement "cannot be waived by the state 'unless the interest of justice so requires.' *Sweet v. Cupp,* 640 F.2d 233, 237 n. 5 (9th Cir.1981)." *Ventura v. Cupp,* 690 F.2d 740, 741 (9th Cir.1982). The position of the Eighth Circuit also is ambiguous. *Compare Collins v. Auger,* 577 F.2d 1107, 1109 n. 1 (8th Cir.1978), *cert. denied,* 439 U.S. 1133, 99 S.Ct. 1057, 59 L.Ed.2d 96 (1979) (exhaustion waivable when interests of justice and expedition so require) *with Davis v. Campbell,* 608 F.2d 317, 320 n. 10 (8th Cir.1979) (observing that prior pronouncements recognizing waiver are dicta and pretermitting question). *But see Batten v. Scurr,* 649 F.2d 564, 568 (8th Cir.1981) ("While this circuit has never expressly held that [the state's failure to raise the issue of exhaustion] is sufficient for a waiver ... it is a strong indication that the state believes that its interests have been vindicated.")

own, have held that the state may waive non-exhaustion.[16] *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), in which the Court adopted a total exhaustion rule, does not preclude state waiver of exhaustion.[17] We agree with the Eleventh Circuit's comments in *Thompson v. Wainwright,* 714 F.2d 1495, 1505 (11th Cir.1983):

> In adopting a total exhaustion rule the Court in *Rose* spoke of the desirability of giving state courts the *opportunity* to first pass upon and correct a constitutional violation. The Court stressed the importance of "minimizing friction between our federal and state systems of justice" by allowing the state an "initial opportunity" to act. There is no suggestion that the state's interest cannot be vindicated by passing up the opportunity when it elects to do so or that the extension of the opportunity is in fact an irrevocable mandate that the state court must act first.

Accordingly, we adhere to *Felder v. Estelle, supra,* and join the Eleventh Circuit in holding that the state may waive exhaustion.

 Deference is due the states, as governmental units, not their courts, their executives, or their legislatures, save as these bodies represent the state itself. As Judge Patrick Higginbotham, concurring in *Felder v. Estelle,* 693 F.2d 549, 554 (5th Cir.1982) wrote, "In matters of habeas, comity is perforce expressed by allowing the courts of the state to examine habeas petitions first. It does not, however, follow in turn that such deference elevates the judicial branch of state government to sovereign states." The doctrine of exhaustion of remedies is designed to allow the state as a government unit, not only its courts, to protect the constitutional rights of persons convicted by the state. The alleged abridgement of constitutional rights raised in a habeas proceeding is, indeed, usually charged to have resulted initially from conduct of the state's executive or legislature, not from action of its courts. As the chief legal officer of the state, the attorney general is the appropriate person to assert, or to waive, the state's right first to determine a claim that the state is holding a person in custody in violation of his federal constitutional or statutory rights. *Thompson v. Wainwright,* 714 F.2d 1495 (11th Cir.1983).[18]

**16.** *Felder v. Estelle,* 693 F.2d 549, 554 (5th Cir.1982); *Houston v. Estelle,* 569 F.2d 372, 375 (5th Cir.1978); *Thompson v. Wainwright,* 714 F.2d 1495 (11th Cir.1983); *Jenkins v. Fitzberger,* 440 F.2d 1188, 1189 (4th Cir.1971); *but cf. Harding v. State,* 683 F.2d 850 (4th Cir.1982) (federal court may not accept "conditional waiver"). *See generally* C. Wright, A. Miller & E. Cooper, *supra,* § 4264 at 653–54; Comment, *State Waiver and Forfeiture of the Exhaustion Requirement in Habeas Corpus Actions,* 50 U.Chi.L.Rev. 354, 354–56 (1983).

**17.** *See also Westbrook v. Zant,* 704 F.2d 1487, 1193–94 (11th Cir.1983). Nor does *Galtieri v. Wainwright,* 582 F.2d 348 (5th Cir.1978) (en banc) stand as a barrier to waiver of the exhaustion requirement. That case, like *Rose,* involved mixed petitions, not waiver. Indeed, the court in dicta acknowledged the existence of exceptions to the exhaustion requirement, including " 'allegations that the state courts have been presented with the merits of a claim for habeas corpus relief and have, for one reason or another, refused or been unable to act upon the claim.' *Martin v. Estelle,* 546 F.2d 177, 178 (5th Cir.1977) (quoting *St. Jules v. Beto,* 462 F.2d 1365, 1366 (5th Cir.1972)), *cert. denied,* 431 U.S. 971, 97 S.Ct. 2935, 53 L.Ed.2d 1069 (1977)." 582 F.2d at 354 n. 12.

**18.** The Eleventh Circuit also relied on the Florida constitutional provisions relating to the powers of the Attorney General. The Texas Constitution envisions a plural executive branch, with executive authority distributed by constitutional mandate among several executive officers, including the Texas Attorney General. Tex. Const. art. IV § 1 and interpretive commentary. The state constitution provides that the Attorney General "shall represent the state in all suits and pleas in the Supreme Court of the State in which the State shall be a party." Tex. Const. art. IV § 22. The Texas courts have held that the constitution vests authority to enforce the rights of the state exclusively in the state's attorneys. *See Agey v. American Liberty Pipe Line Co.,* 141 Tex. 379, 172 S.W.2d 972, 974 (1943); *State ex rel. Hancock v. Ennis,* 195 S.W.2d 151, 153, ref. n.r.e. (Tex.Civ.App.1946). *Cf. State ex rel. Dishman v. Gray,* 163 Tex. 565, 359 S.W.2d 456 (1962) (district attorney empowered to drop ouster proceedings). *But see, e.g., Naranjo v. Ricketts,* 696 F.2d 83, 87 (10th Cir.1982) (state prosecutors without power to waive exhaustion requirement).

As have other circuits,[19] we have held that the defense of non-exhaustion is waived by the failure of the state's legal officer to raise it at the proper time.[20] Waiver may thus be implicit as well as explicit, the former being more properly termed a forfeiture or a concession.[21]

In this case the state did not make an express waiver for its pleading asserted only that it "believed" that McGee had exhausted state remedies. But that was at least the equivalent of failure to assert the defense of non-exhaustion. The Eleventh Circuit has recently pointed out, in *Thompson v. Wainwright*, that it is appropriate to treat as a waiver of exhaustion a pleading in which "the attorney general, in discharge of his duty as an officer of the court, expresses uncertainty over whether adequate state remedies are available, or points out that resort to state courts may be futile." [22] Finally, in this case, the state did

not even raise the defense on appeal, and we have repeatedly refused to examine issues not raised in the appellate briefs absent the possibility of injustice so grave as to warrant disregard of usual procedural rules.[23]

The state now argues that, as the panel found, its assertion in the district court of the procedural default doctrine set forth in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), evidences its intention not to waive the exhaustion requirement. In the usual case, the *Sykes* bar is raised in federal court only if the state itself has first applied it.[24] In McGee's state habeas proceedings, the state courts addressed only McGee's failure to attest his pleadings and did not apply its contemporaneous objection rule to petitioner's claims. We find nothing in the state's assertion of the *Sykes* bar to imply that the state was insisting that the state court

---

**19.** *See, e.g., Shaw v. Boney,* 695 F.2d 528, 529 n. 1 (11th Cir.1983); *Brown v. Fogel,* 387 F.2d 692, 695 (4th Cir.1967), *cert. denied,* 390 U.S. 1045, 88 S.Ct. 1647, 20 L.Ed.2d 307 (1968). *See also Thompson v. Wainwright,* 714 F.2d at 1501, and cases cited therein.

**20.** *See, e.g., Hopkins v. Jarvis,* 648 F.2d 981 (5th Cir.1981); *Messelt v. Alabama,* 595 F.2d 247 (5th Cir.1979). *But cf. Brown v. Estelle,* 701 F.2d 494, 496 (5th Cir.1983) (state raised exhaustion for first time on appeal; but exhaustion not drawn into issue until petitioner sought to amend his federal petition with new and substantial evidence after state had filed answer that failed to raise exhaustion).

**21.** A distinction has been observed between waiver, forfeiture, and concession. Failure to raise the issue has been termed both a forfeiture and a waiver by default. *Compare* Rubin, *Toward a General Theory of Waiver,* 28 U.C.L.A.L.Rev. 478, 514–15 (1981) ("the principle of stage preclusion," a component of waiver, "demands that a right be asserted during the stage to which it is most relevant") *with* Comment, *State Waiver and Forfeiture of the Exhaustion Requirement in Habeas Corpus Actions,* 50 U.Chi.L.Rev. 354, 355 n. 8 (1983) (concept of waiver by default is "inconsistent with the traditional notion that '[a] waiver is ordinarily an *intentional* relinquishment or abandonment of a known right or privilege, *Johnson v. Zerbst,* 304 U.S. 458, 464 [58 S.Ct. 1019, 1023, 82 L.Ed. 1461] (1938) (emphasis added)." *Query* whether the same considerations apply when it is the state that is threatened with the loss of a bar. The Comment notes that "[c]ourts often do not

distinguish between waivers and concessions" citing *Collins v. Auger,* 577 F.2d 1107, 1109 n. 1 (8th Cir.1978), *cert. denied,* 439 U.S. 1133, 99 S.Ct. 1057, 59 L.Ed.2d 96 (1980).

**22.** 714 F.2d 1495, 1502 (11th Cir.1983). The *Thompson* court characterized the analysis in some "waiver-by-inaction" cases as a "strict pleading approach" based on principles of estoppel. While acknowledging the utility of the strict pleading approach, that court preferred to hold that comity permits the state attorney general expressly to waive exhaustion on behalf of the state. The court regarded expressions of the kind quoted in the text "closely related to an express waiver. . . ." 714 F.2d at 1502. *See also Bowen v. Tennessee,* 698 F.2d 241, 245 (6th Cir.1983) (en banc) (Merritt, J., dissenting, on the basis that Section 2254 Rules' requirement that the defendant state its position in regard to exhaustion, coupled with Fed.R.Civ.P. 12(h), renders failure to raise the point in the trial court a waiver of the exhaustion defense).

**23.** *See, e.g., United States v. Johnson,* 718 F.2d 1317, 1325 n. 23 (5th Cir.1983) (en banc); *Commercial Standard Ins. Co. v. Bryce Street Apartments, Ltd.,* 703 F.2d 904, 908 (5th Cir. 1983).

**24.** *See Moran v. Estelle,* 607 F.2d 1140, 1142 (5th Cir.1979). (*Sykes* not recognized as a bar when state court did not invoke procedural default rule but instead reached merits of constitutional challenge).

must rule in the first instance on its applicability. Consequently, we conclude that the state waived the exhaustion requirement in this case.

### III.

■ A finding of waiver does not conclude our consideration, for a district court or a panel of this court may consider that it should not accept a waiver, express or implied. As the Eleventh Circuit observed in *Thompson v. Wainwright,* "[c]omity is not a one way street.... Strong federal interests may exist that, balanced against those of the state in the particular case, will permit the district court in its discretion to decline a waiver and require state exhaustion." 714 F.2d at 1509. One of those interests is the burden on the federal system. Additionally, it may appear that state remedies would be effective, or that evidentiary development would be aided by requiring a hearing in state court, or that the issue presented is of exceptional importance to the state and it would create either an injustice to one or more of the litigants or a gross disregard of the principles of federalism for the court to proceed without presentation of the issues to the appropriate state court. After the delay and expense involved in reaching this court, we would reach that conclusion only when avoidance of injustice or the public interest would manifestly be served. District courts may exercise their power more freely when they do so promptly before litigants and the court expend time and effort. In the usual case, however, federalism, expense to litigants, and the conservation of judicial resources are all served by honoring the waiver and deciding the merits.[25] Accordingly,

we hold, as did the Eleventh Circuit in *Thompson,* that the district court, or a panel of this court, in its discretion may either accept or reject the state's waiver of the exhaustion requirement, or notice sua sponte the lack of exhaustion.[26] In the present case, however, there is no reason for us to follow the extraordinary course and to notice the lack of exhaustion sua sponte or to recognize the state's belated change of position.

### IV.

Additional issues were considered by the panel, but not fully briefed or argued to the en banc court. McGee argued both that his 1960 conviction was invalid and that his trial counsel was ineffective because that lawyer failed to object to its introduction. The magistrate found that, even if McGee's 1960 conviction was invalid, the error committed in relying on it was harmless because another prior valid felony conviction was available for enhancement purposes.[27] He based this conclusion on *Webster v. Estelle,* 505 F.2d 926 (5th Cir.1974), *cert. denied,* 421 U.S. 918, 95 S.Ct. 1581, 43 L.Ed.2d 785 (1975). In *Webster,* we said in dicta that, if "enhancement could have been based on other convictions, reliance on an invalid one is harmless." *Id.* at 931. Because he found that there had been a valid prior conviction of McGee, the magistrate recommended denial of both arguments: the first ground—the absence of a valid prior conviction—was directly vitiated by the magistrate's finding; the second—that counsel was ineffective—failed for want of a showing of "actual prejudice" because another valid prior conviction was proved.

The panel opinion[28] stated that the basis for the magistrate's disposition of both

---

**25.** It is not obvious that it is a wise use of precious federal judicial time, or a service to the states and the notion of federalism, to have many or most habeas corpus petitions disposed of on procedural grounds. If the federal courts are free to reach the merits, they will find in the overwhelming bulk of the cases that the state courts have faithfully applied the commands of the Federal Constitution. A rebuff to the prisoner on procedural grounds leaves a cloud, however frivolous, over the state conviction and is simply an invitation to the prisoner to try and try again in the hope that sometime, somehow, he can

push the right combination of buttons and obtain a decision on the merits.
Wright, *Book Review* 81 Mich.L.Rev. 802, 809–10 (1983).

**26.** *See Thompson v. Wainwright,* 714 F.2d at 1509. This question was pretermitted by the panel in *Westbrook v. Zant,* 704 F.2d 1487, 1494 n. 9 (11th Cir.1983).

**27.** McGee was convicted of burglary in 1955 and sentenced to five years in prison.

**28.** 704 F.2d 764, 767 n. 5.

grounds was eliminated by the decision in *Bullard v. Estelle,* 665 F.2d 1347, 1366 n. 36 (5th Cir.1982), *vacated and remanded,* —— U.S. ——, 103 S.Ct. 776, 74 L.Ed.2d 987 (1983). In *Bullard,* the panel held that "the double jeopardy clause [of the United States Constitution] bars a second enhancement proceeding when the evidence at the first enhancement proceeding was insufficient to establish that the defendant committed one or more of the prior offenses necessary for enhancement .... " 665 F.2d at 1349. In a footnote, the court quoted the passage from *Webster* that we have referred to and said "Because failure to prove the facts of prior convictions has now, after *Bullington* [*v. Missouri,* 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270], implicated the double jeopardy clause, unalleged, unproved convictions cannot substitute for those where facts are not sufficient. Reliance on an invalid conviction can no longer be considered harmless." *Id.* at 1366 n. 36 citing *Ex parte Martin,* (Tex.Cr.App.1981) [No. 67,540, April 29, 1981] (because one of two prior convictions relied upon to enhance sentence to life proved invalid, the defendant could be resentenced only under § 12.42(e), which provides for enhancement in cases of one prior conviction).

■ In *Bullard,* the only prior convictions were the two relied upon for enhancement purposes at the first trial. The state's failure to prove that Bullard was the person convicted in one of them was therefore fatal to the state's enhancement case. In the present case, the state introduced evidence of McGee's other prior felony convictions including evidence identifying him as the individual convicted, although the indictment listed and the jury rendered a verdict upon only the 1969 and 1960 convictions. McGee has challenged the validity of the additional conviction. Because the en banc court considered only the exhaustion issue, we remand the double jeopardy and

harmless error issues for further consideration by the panel.[29]

## V.

Sitting en banc, we have considered related questions not directly raised by this appeal. For the guidance of litigants, district courts, and panels of this court, we declare the circuit's policy on them.

■ Rule 5 of the Rules Governing Section 2254 Proceedings requires the answer to a petition to state whether a petitioner has exhausted his state remedies. By rule district courts may also require the state to answer the question: does the state waive the requirement of exhaustion of state remedies as set forth in 28 U.S.C. § 2254(b)? If the state does not categorically answer the exhaustion question in the affirmative, its answer to this question will raise the waiver question directly before the time of litigants and the district court is spent on the merits.

■ As we have held in prior decisions, the state's failure to raise non-exhaustion is an implicit waiver of that defense. If, however, the state wishes for any reason to make the waiver explicit, it may still do so after the appeal is taken either by declaration in its brief, or in some other communication to the court, or by a statement made in oral argument.

For these reasons, we REVERSE the judgment dismissing the petition and REMAND the case to the panel for further proceedings consistent with this opinion.

---

**29.** The question is most likely to arise if the case is remanded to the district court and the state reasserts its *Wainwright v. Sykes* claim. *See Madeley v. Estelle,* 606 F.2d 560 (5th Cir. 1979) (reversing district court's consideration of validity of one conviction used for enhancement when existence of other valid convictions may have defeated showing of "prejudice" under *Sykes*).