Donald HARDEN, Appellant,

v.

STATE of Missouri, Respondent.

No. 54995.

Missouri Court of Appeals,
Eastern District,
Division Five.

Feb. 14, 1989.

Mary Clare McWilliams, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Elizabeth Levin Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

CARL R. GAERTNER, Judge.

Appellant appeals from the denial of his motion for post-conviction relief following his plea of guilty on October 7, 1980 to first degree assault and armed criminal action. The record before us reflects some confusion resulting from the proliferation of appellant's efforts to obtain relief from this and other convictions. Therefore, a detailed chronology of appellant's invocations of Rules 27.26, 29.15, 24.035 and habeas corpus is necessary.

On October 3, 1980 appellant was sentenced to a total of 40 years imprisonment following his conviction at a jury trial of five counts of robbery first degree in Cause No. 801–01170A. These convictions, arising from appellant's participation in the armed robbery of five victims at the Bee Line Trucking Company, were affirmed by this court on October 15, 1982. *State v. Harden*, 639 S.W.2d 90 (Mo.App.1982).

On October 7, 1980 appellant was sentenced to two terms of ten years imprisonment following his plea of guilty to assault, first degree and armed criminal action in Cause No. 801–01177A. These charges were based upon appellant's participation in an incident at Gateway National Bank.

On August 27, 1985 appellant filed a Rule 27.26 motion alleging ineffective assistance of counsel in connection with his trial on the five robbery charges at Bee Line Trucking Company. This motion was numbered by the circuit clerk PCR 1575. Appointed counsel advised the court that after conferring with appellant no additional motion would be filed. The court thereupon overruled the motion without an evidentiary hearing on February 7, 1986. No appeal was taken.

On July 11, 1986 appellant filed a second Rule 27.26 motion challenging the five robbery convictions in Cause No. 801–01170A. This motion was numbered PCR–1575(2). In this motion appellant alleged ineffective assistance of counsel in his first motion and that he "would like the opportunity to establish new grounds raised in this second motion that could not have been raised by movant in the prior motion." No "new grounds" were specified. On July 31, 1986 the court summarily denied the second motion without appointment of counsel. No appeal was taken.

On March 30, 1988 appellant filed in the Circuit Court of the City of St. Louis a Petition for Writ of Habeas Corpus. This petition, alleging appellant was a prisoner in the State Penitentiary in Jefferson City and naming the warden thereof as respondent, purported to challenge the legality of the proceedings in both the Bee Line Truck Company and the Gateway National Bank cases. This pleading was apparently numbered by the circuit clerk as Writ No. 882–

1005. Counsel was appointed to represent appellant in this cause.

On May 3, 1988 appellant filed what he called a Rule 27.26 motion seeking relief from his convictions of assault and armed criminal action in Cause No. 801–1177A, the Gateway National Bank incident. This motion was also numbered by the circuit clerk as PCR–1575. On May 4, 1988, appointed counsel filed an amended petition in what he referred to as No. PCR 882–1105.

On May 23, 1988, the Honorable Thomas C. Mummert entered an order captioned with both numbers, PCR 1575 and Writ No. 882–1005. In this order Judge Mummert states the petition for Writ of Habeas Corpus was ruled by the Honorable Daniel Tillman to be "in the nature of a Supreme Court Rule 29 Motion (PCR)." Stating "[t]his is the third time the court would have ruled on movant's allegations of ineffective assistance of counsel", Judge Mummert denied the motion as being successive in violation of Rule 24.035(k).

Having wended our tortuous path through this labyrinthian maze we cannot avoid the conclusion the court erred in holding appellant's challenge to his convictions of assault and armed criminal action in Cause No. 801–0117.7A to be successive to his prior motions which attacked his robbery convictions in Cause No. 801–01170A. Nevertheless, pursuant to the mandate of Rule 84.14 that "[u]nless justice otherwise requires, the court shall dispose finally of the case", we affirm the judgment.

The Circuit Court of the City of St. Louis was without jurisdiction to entertain a Petition for Writ of Habeas Corpus by a prisoner confined in Jefferson City. Rule 91.02; § 532.030 RSMo.1986. Moreover, since January 1, 1988, the exclusive means of seeking post-conviction relief from a felony conviction on a plea of guilty is by motion under Rule 24.035 and after trial by motion under Rule 29.15. Appellant does not complain of the leniency shown by the Circuit Court in treating the habeas corpus petitions as motions for post-conviction relief. To the extent these petitions assert a challenge to the robbery convictions, they are indeed successive of the two prior Rule 27.26 motions. No grounds for relief are alleged which were not, or could not have been alleged in the earlier motions. *Flowers v. State,* 618 S.W.2d 655,.657 (Mo.banc 1981); *Shepherd v. State,* 637 S.W.2d 801, 803 (Mo.App. 1982); Rule 29.15(k).

Appellant's pro se Petition for Writ of Habeas Corpus prays for a reversal of the convictions in both the Bee Line Truck robberies and the Gateway Bank assault cases. However, other than an unexplained assertion that counsel was ineffective in "serving two masters" by representing appellant in both cases, he makes no allegations specifically relating to his representation in the Gateway Bank case. He merely repeats the unsubstantiated charges of unlawful arrest and illegal search and seizure rejected on direct appeal, *State v. Harden, supra,* and in his earlier motions. The amended petition filed by appointed counsel merely adds charges of ineffective assistance by failure of trial counsel to make unspecified investigations and generalizations regarding his failure to make evidentiary objections during the trial of the robbery case. Nowhere can we discern any claim that his guilty plea was made involuntarily or without knowledge and understanding of the effect and consequences thereof. *See, Gingerich v. State,* 701 S.W.2d 595 (Mo.App.1985); *Chituck v. State,* 701 S.W.2d 760, 761 (Mo. App.1985).

Similarly, no such allegation may be found in appellant's pro se motion of May 3, 1988 which seeks relief from the convictions following his plea of guilty of assault and armed criminal action. Although labeled a Rule 27.26 motion, because it was filed after January 1, 1988 it must be considered under the successor Rule 24.035. This is of no significance in this case as the procedural changes effected by the new rules do not purport to alter the body of substantive law developed under the superseded Rule 27.26.

Appellant's motion asserts three grounds for vacating the conviction: (a) denial of effective assistance of counsel and denial of due process, (b) conviction obtained by a

violation of protection against double jeopardy, (c) conviction obtained by evidence gained pursuant to an unlawful arrest and unconstitutional search and seizure. Points A and C are interrelated as his claim of ineffective assistance is predicated upon trial counsel's alleged failure to challenge the legality of his arrest and the constitutionality of the seizure of property found in his possession when arrested.

 A plea of guilty constitutes a waiver of all non-jurisdictional defects in prior proceedings, including a claim of illegal arrest or search and seizure. *State v. Brown*, 449 S.W.2d 664, 666 (Mo.1970); *Oerly v. State*, 658 S.W.2d 894, 896 (Mo.App.1983). Moreover, trial counsel did file a motion to suppress in the Bee Line Truck Company case based upon the same facts alleged in appellant's present motion. The denial of this motion to suppress after evidentiary hearing was affirmed on direct appeal of appellant's robbery convictions.

Appellant's double jeopardy claim, based upon his convictions of assault, first degree, and armed criminal action, is identical to the contention denied in *Missouri v. Hunter*, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). *See also, State v. Kirksey*, 713 S.W.2d 841, 848 (Mo.App. 1986).

Finally, conceding that the matter was never asserted in either PCR 1575 or in Writ No. 882–1005, appellant in his brief charges he received ineffective assistance of counsel with regard to his Rule 27.26 motion filed August 27, 1985, wherein he challenged his convictions of robbery. Such a contention is not cognizable in a successive post-conviction relief motion, *Carter v. State*, 687 S.W.2d 577, 578 (Mo. App.1985). Moreover, the matter before us is not a successive motion but is a challenge to separate and distinct convictions. The attempt to utilize this appeal as a means of attacking a three year old judgment in a different case can only be characterized as a procedural anomaly.

Neither the pro se Petition for Writ of Habeas Corpus, counsel's amendment thereto, nor appellant's motion to vacate state facts showing that appellant is entitled to relief from the convictions of assault, first degree and armed criminal action. Accordingly, the denial of his claim for post-conviction relief was proper. *Williams v. State*, 760 S.W.2d 200, 201 (Mo.App.1988).

The judgment of the trial court is affirmed.

PUDLOWSKI, C.J., and GRIMM, J., concur.