927 F.2d 429
 Timothy Jack HAMPTON, Appellant,
v.
David MILLER and William L. Webster, Missouri Attorney
General, Appellees.
Timothy Jack HAMPTON, Appellee,
v.
David MILLER, Appellant.
William L. Webster, Missouri Attorney General.
 Nos. 90-1238, 90-1274.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Oct. 10, 1990.
Decided March 8, 1991.
 
 Curtis E. Woods, Kansas City, Mo., for appellant.
 Ronald L. Jurgeson, Jefferson City, Mo., for appellees.
 Before JOHN R. GIBSON and BEAM, Circuit Judges, and HEANEY, Senior Circuit Judge.
 JOHN R. GIBSON, Circuit Judge.
 
 
 1
 Timothy Jack Hampton appeals from dismissal without prejudice of his petition for writ of habeas corpus brought under 28 U.S.C. Sec. 2254 (1988) for failure to exhaust state remedies. He argues that the State waived the issue of exhaustion, and in the alternative, that requiring him to pursue a remedy in state courts would be futile. We conclude that the State waived the exhaustion requirement in its pleadings, and we remand to the district court for further proceedings.
 
 
 2
 Hampton pled guilty in the circuit court of Livingston County, Missouri to two counts of selling narcotics. He filed a pro se petition for writ of habeas corpus in federal district court, making three claims of ineffective assistance of counsel and one of malicious prosecution. The district court stayed its action, Hampton v. Miller, No. 88-1113-CV-W-3-P, slip op. at 3 (W.D.Mo. Dec. 5, 1989), until the Missouri Supreme Court had acted on the certified questions presented in Fletcher v. Armontrout, 725 F.Supp. 1075 (W.D.Mo.1989) (seeking clarification of the availability of Rule 91 state habeas corpus action in light of new Missouri Rules 24.035 and 29.15). After the supreme court declined certification in Fletcher, Fletcher v. Armontrout, No. 72293 (Mo. Dec. 12, 1989), the district court considered the question whether Hampton had exhausted all adequate and available state remedies. Specifically, the court considered whether a state habeas corpus action is still available to Hampton, and, if so, whether his failure to bring that state action prevents a federal court from hearing his application for federal habeas corpus. Hampton, slip op. at 2-3 (Jan. 17, 1990). See 28 U.S.C. Sec. 2254(b), (c) (requiring complete exhaustion of state remedies before petitioner can bring federal habeas action).
 
 
 3
 On this issue, the district court concluded that:
 
 
 4
 Missouri now has a dual system of post-conviction relief making Rule 24.035 the exclusive procedure to seek relief as to known claims in the sentencing court and making petitions for writs of habeas corpus under Rule 91 available if they are not sought in the sentencing court and if they concern claims not known or knowable at the time petitioner filed his post-conviction motion under Rule 24.035.
 
 
 5
 Hampton v. Miller, slip op. at 2 (Jan. 17, 1990) (emphasis in original). The district court held that because Hampton failed to petition for writ of habeas corpus in state court under Rule 91,[1] he did not satisfy the exhaustion requirements of 28 U.S.C. Sec. 2254(b) and (c). Hampton, slip op. at 3-4 (Jan. 17, 1990). Accordingly, the district court dismissed Miller's habeas claims without prejudice. Id.
 
 
 6
 On this appeal, Hampton argues that the State of Missouri through its attorney general waived the requirement that he pursue Rule 91 relief, and that in any event seeking such relief would be futile. See Snethen v. Nix, 736 F.2d 1241, 1245 (8th Cir.1984) (state court's refusal to hear petitioner's claim permits federal court to disregard the exhaustion requirement as futile); Powell v. Wyrick, 657 F.2d 222, 224 (8th Cir.1981) (exhaustion requirement will be excused as futile if record clearly shows state court will refuse to hear petitioner's claim); Rodgers v. Wyrick, 621 F.2d 921, 925 (8th Cir.1980) (exhaustion requirement disregarded when out-of-time motion for rehearing would be futile).
 
 
 7
 The State also argues that the district court erred in dismissing for failure to exhaust state remedies, but for the reason that Hampton is in procedural default because he failed to raise his claims in a Rule 24.035 action in state court within the time allowed for such an action. According to the State, Hampton has to justify his procedural default by proving cause and prejudice, which he cannot do, and his failure to even allege cause and prejudice should have formed the basis of the district court's dismissal with prejudice.
 
 
 8
 We turn first to the question of exhaustion. 28 U.S.C. Sec. 2254(b) states: "habeas corpus ... shall not be granted unless it appears that the applicant has exhausted all the remedies available in the courts of the State...." Thus, as a preliminary matter, a petitioner cannot ordinarily bring a federal habeas action if some state action remains available in which he or she can still raise the habeas claims. The district court dismissed Hampton's federal habeas petition because it found that a Rule 91 habeas corpus action might still be available to Hampton[2] and, for that reason he had not yet exhausted all available state remedies.
 
 
 9
 We have recognized that a state has the power to waive the exhaustion requirement. "[T]he nature of comity necessarily implies a power of waiver, since exhaustion 'is designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings' and 'is intended to give the State the opportunity for initial review.' " Purnell v. Missouri Dep't of Corrections, 753 F.2d 703, 709 (8th Cir.1985) (citations omitted) (emphasis in original). When the State "unequivocally concedes in pleadings that a petitioner's claims in the appropriate state courts have been exhausted, that concession constitutes an express waiver." Id. at 708.
 
 
 10
 In Purnell we held that " 'as chief legal officer of the state, the attorney general is the appropriate person to assert, or to waive, the state's right first to determine [a habeas corpus claim].' " Purnell, 753 F.2d at 709-10 (quoting McGee, 722 F.2d at 1212). In response to the district court's show cause order, the Attorney General (who represented Miller, the superintendent of the Boonville Correctional Center) stated: "By his own admission, petitioner never sought relief in state court. After June 30, 1988, petitioner no longer had an avenue of relief in state court. It therefore appears that petitioner has satisfied the exhaustion requirements of 28 U.S.C. Sec. 2254(b), (c)." Hampton v. Miller, No. 88-1113-CV-W-3-P, Response to Court Order at 2 (Dec. 21, 1988) (emphasis added). See Missouri Supreme Court Rule 24.035(l ).
 
 
 11
 Federal courts will ordinarily only reject State waiver of exhaustion when doing so avoids injustice or manifestly serves the public interest. Purnell, 753 F.2d at 710; McGee v. Estelle, 722 F.2d 1206, 1214 (5th Cir.1984). While it was within the district court's discretion whether to accept or reject the State's waiver of the exhaustion requirement, Purnell, 753 F.2d at 710, the district court did not consider the waiver issue. We need not remand for the district court to rule on the issue, because circuit courts also have discretion whether to accept or reject a state's waiver of the exhaustion requirement, see Purnell, 753 F.2d at 710; McGee, 722 F.2d at 1214. In this case we hold that "federalism, expense to litigants and the conservation of judicial resources are all served by honoring the waiver and deciding the case on the merits." McGee, 722 F.2d at 1214.
 
 
 12
 Accepting the waiver is particularly appropriate here, where the Supreme Court of Missouri has refused to decide the question of the availability of Rule 91 relief under circumstances similar to those confronting Hampton. See Fletcher v. Armontrout, 725 F.Supp. 1075 (certifying questions to the Missouri Supreme Court). The supreme court's denial of certification demonstrates that this is not an issue of such exceptional importance to the State that a federal court should reject the State's clear waiver of the exhaustion requirement.
 
 
 13
 We thus remand for further proceedings in the district court where the initial inquiry must center on procedural default. See Murray v. Carrier, 477 U.S. 478, 495-96, 106 S.Ct. 2639, 2649, 91 L.Ed.2d 397 (1986); Wainwright v. Sykes, 433 U.S. 72, 90-91, 97 S.Ct. 2497, 2508, 53 L.Ed.2d 594 (1977); Barks v. Armontrout, 872 F.2d 237 (8th Cir.1989); and J. Liebman, Federal Habeas Corpus Practice and Procedure, Sec. 16.2, at 223 & n. 24 (1988).
 
 
 14
 A few additional words are in order. The Supreme Court of Missouri, to this time, has not fully explained the interplay between a Missouri state habeas corpus action under Rule 91 and the post-conviction actions available under Rules 24.035 and 29.15. Rules 24.035 and 29.15 were enacted to replace old Rule 27.26,[3] which expressly stated that it was the procedural means by which a criminal defendant should bring a habeas action in state court.[4] After the repeal of Rule 27.26, the question remains: Can a petitioner bring a separate Rule 91 habeas corpus action, or do Rules 24.035 and 29.15 define the only post-conviction remedies available to petitioners in Missouri state courts? In other words, do Rules 24.035 and 29.15 subsume the Rule 91 habeas corpus action in the same way Rule 27.26 once did?
 
 
 15
 New Rule 24.035 describes a post-conviction proceeding for criminal defendants who pled guilty and wish to claim that the conviction or sentence imposed violates the Missouri or United States Constitution, that the sentencing court lacked jurisdiction, or that the sentence exceeds the maximum authorized by law. Rule 29.15 creates the same procedure for defendants who were found guilty by trial. Rule 91 creates a state habeas corpus action.
 
 
 16
 Rules 24.035 and 29.15 differ from Rule 27.26 in at least two respects. First, Rules 24.035 and 29.15 actions can only be brought in the sentencing court,[5] and second, both Rules 24.035 and 29.15 have specific time limits within which they must be brought.[6] Rule 27.26 actions, on the other hand, were not limited to the sentencing court and did not have a fixed time limit. The Missouri Supreme Court has given no indication whether a Rule 91 action is available as an alternative remedy to post-conviction relief under Rule 24.035 and 29.15, or whether the actions are mutually exclusive.
 
 
 17
 Other courts have discussed the issue, but without any complete resolution. The district court, in the passage we cited above, see supra p. 430, referred to Rule 24.035 and Rule 91 proceedings and commented upon their differences. Hampton, slip op. at 2 (Jan. 17, 1990). That court concluded that a Rule 91 action is still available when the petitioner is not filing in the sentencing court, and his claims were not known or knowable during the time when a Rule 24.035 action was available. Id.
 
 
 18
 The Missouri Court of Appeals for the Eastern District, in Harden v. State, 765 S.W.2d 692 (Mo.App.1989) went so far as to say: "[S]ince January 1, 1988, the exclusive means of seeking post-conviction relief from a felony conviction on a plea of guilty is by motion under Rule 24.035 and after trial by motion under Rule 29.15." Id. at 694 (emphasis added). This view imposes severe time limitations on the availability of any state habeas corpus action by subsuming Rule 91 actions under Rules 24.035 and 29.15. The statements in Harden are in direct disagreement with the conclusion of the district court in the instant case.
 
 
 19
 The late Senior District Judge John W. Oliver, of the Western District of Missouri, conducted an exhaustive and thoughtful analysis of the rules in his memorandum in support of petition for certification, Fletcher, 725 F.Supp. at 1077-91. When the supreme court denied certification, Fletcher, No. 72293 (Mo. Dec. 12, 1989), Judge Oliver stayed the petitioner's federal action and directed him to file a Rule 91 habeas corpus action in state court, indicating that Judge Oliver was convinced Rules 24.035 and 29.15 did not provide the only means of post-conviction relief in Missouri. Fletcher, 733 F.Supp. 1348, 1355 (W.D.Mo.1990).
 
 
 20
 Chief Justice Blackmar of the Missouri Supreme Court shed some light on the issue in White v. State, 779 S.W.2d 571 (Mo.1989) (en banc), when he made the following statements: "A confined person may always petition for habeas corpus." White, 779 S.W.2d at 572. "Inasmuch as habeas corpus jurisdiction springs from the constitution, it may not be eliminated by statute or rule." Id. at 573.
 
 
 21
 We of course express no opinion as to the possible outcome of such a proceeding, if one should be undertaken. Procedural default in remedies previously available may provide the basis for denying a petition in habeas corpus, and the petitioner, at a minimum, would have to establish that the grounds relied on were not "known to him" while proceedings under Rule 24.035 were available.
 
 
 22
 Id. at 572. The supreme court did not resolve the relationship between Rule 91 and Rules 24.035 and 29.15 in White because it was not a habeas corpus petition. Id. at 572-73 ("the state argues that Rule 24.035 subsumes habeas corpus" but "[t]hat question is not before us, because habeas corpus has not been sought").
 
 
 23
 Because we decide the case on the basis of waiver of exhaustion, we do not reach this troublesome question. We express the hope that when the issue comes to this court again, as we are certain that it will in view of the numerous instances in which it has been raised in this state's district courts, the Missouri Supreme Court will have settled the matter. If not, it will be necessary for this court to do so.
 
 
 
 [1]
 All references to Rules are to the Missouri Rules of Court (1989) unless otherwise indicated
 
 
 [2]
 The availability of a Rule 91 action outside of the procedures set forth in Rules 24.035 and 29.15 is the subject of continuing debate. See infra at 432-433. The State takes the position that the only way Hampton could have brought a Rule 91 state habeas corpus action was under Rule 24.035. At the time Hampton brought this action, the time limit for a Rule 24.035 action had long passed. For that reason, the State believes, contrary to the district court's holding, that Hampton no longer has a Rule 91 habeas action available. Other cases seem to indicate, as the district court found, that a Rule 91 action is still available to Hampton today. See e.g. Fletcher v. Armontrout, 733 F.Supp. 1348, 1355 (W.D.Mo.1990) (staying federal habeas action and directing petitioner to pursue a Rule 91 action in state court)
 
 
 [3]
 Rule 27.26 was repealed February 11, 1987, effective January 1, 1988. The committee note instructs the reader to "[s]ee, now, Rules 24.035 and 29.15."
 
 
 [4]
 Rule 27.26(a) stated: "This Rule does not suspend the rights available by habeas corpus but rather prescribes the procedure to be followed in seeking the enforcement of those rights."
 
 
 [5]
 Rule 24.035(a) states: "This Rule 24.035 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated."
 Rule 29.15(a) states: "This Rule 29.15 provides the exclusive procedure by which such person may seek relief in the sentencing court for the claims enumerated."
 The question is whether "exclusive procedure" means the exclusive procedure for bringing any post-conviction challenge, including state habeas actions under Rule 91, or if instead it means the exclusive procedure for bringing a Rule 24.035 or 29.15 action in the sentencing court.
 The first interpretation implies that the new rules do away with the Rule 91 action because Rule 91, by its terms, requires that Missouri habeas petitions be brought to the circuit judge for the county in which that person is being held unless good cause is shown for filing in a higher court. Thus, by its language, Rule 91 precludes a prisoner from bringing a Rule 91 habeas action in the sentencing court except in the rare instance that the prisoner's correctional institution and the sentencing court are in the same county.
 Under the second interpretation, Rules 24.035 and 29.15 only describe post-conviction actions that are available in the sentencing court. Presumably, this means that prisoners can bring other actions, including a Rule 91 habeas action in any court except the sentencing court. This is the interpretation that the district court chose to follow when it directed Hampton to exhaust the Rule 91 habeas corpus action before coming to federal court. Hampton, slip op. at 3 (W.D.Mo. Jan. 17, 1990).
 
 
 [6]
 For a Rule 24.035 action, the time limit is 90 days from when the petitioner is delivered to the custody of the correctional institution. For a Rule 29.15 action, the time limit is 30 days after the filing of the transcript in the appeal, or, if there is no appeal, 90 days from the date the petitioner goes into custody of the department of corrections