**Sterling DICKENS, Appellant,**

v.

**Bill ARMONTROUT, Appellee.**

**No. 90–2860.**

United States Court of Appeals, Eighth Circuit.

Submitted June 14, 1991.

Decided Sept. 20, 1991.

Mark Hanson Zoole, argued, St. Louis, Mo., for appellant.

Ronald L. Jurgeson, argued (William L. Webster and Ronald L. Jurgeson, on brief), Jefferson City, Mo., for appellee.

Before McMILLIAN and BEAM, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.

McMILLIAN, Circuit Judge.

Sterling Dickens appeals from a judgment of the United States District Court for the Eastern District of Missouri dismissing without prejudice his petition for a writ of habeas corpus under 28 U.S.C. § 2254 (1988) for failure to exhaust state remedies. *Dickens v. Armontrout,* No. 89–2108C(6) (E.D.Mo. Oct. 3, 1990) (*Dickens*) (order). For reversal, Dickens argues that he has exhausted his remedies under Missouri law. For the reasons stated below, we reverse and remand this case to the district court for further proceedings consistent with this opinion.

I.

In 1982, Dickens was convicted by a jury of three counts of first degree robbery and one count of first degree burglary. Dickens was sentenced as a persistent offender to three concurrent terms of life imprisonment and a concurrent term of 20 years' imprisonment. His conviction was affirmed on direct appeal. *State v. Dickens,* 667 S.W.2d 14 (Mo.Ct.App.1984). Dickens's motion for post-conviction relief under Mo. Sup.Ct.R. 27.26 (repealed 1988) was also rejected. *Dickens v. State,* 768 S.W.2d 672 (Mo.Ct.App.1989). Dickens then filed the present habeas action in federal court. Dickens now raises three claims, all of which are, "essentially, ineffective assist-

ance of counsel claims." Brief for Appellant at 3.

The magistrate judge noted that the state "concedes that [Dickens] has exhausted his available state remedies," *Dickens v. Armontrout*, No. 89–2108C(6), slip op. at 2 (E.D.Mo. June 11, 1990) (magistrate judge's recommendations), but nevertheless recommended that [Dickens's] claim should be dismissed with prejudice under the procedural default doctrine because his state petition for post-conviction relief was time-barred under Mo.Sup.Ct.R. 24.035. *Id.* at 3. Rule 24.035 relates only to motions to withdraw guilty pleas. Thus, it appears that the magistrate judge meant to rely on Rule 29.15, which governs other motions for post-conviction relief.

The district court rejected Dickens's claims on entirely different grounds, holding that he had not exhausted his state remedies because he had not yet filed a state habeas petition under Mo.Sup.Ct.R. 91. *Dickens*, slip op. at 1. The district court accordingly dismissed Dickens's petition without prejudice.

On appeal, both Dickens and the state criticize the district court's ruling. Dickens argues that he has in fact exhausted his state remedies and that the district court should have considered the procedural default issue and the merits of his ineffective assistance of counsel claims. The state agrees that Dickens has exhausted his state remedies, but argues that the issue of procedural default should be addressed by the district court on remand.

██ Because the district court has not considered the question of procedural default, we decline to do so.[1] Thus, the key issue in this case is whether Dickens has exhausted his state court remedies.

## II.

██ The parties agree that the state waived its exhaustion of remedies defense and that the district court refused to accept the state's waiver. *See* Brief for Appellant at 8–9; Brief for Appellee at 7. Thus, we must decide whether the district court should have accepted the waiver.

The case of *Hampton v. Miller*, 927 F.2d 429 (8th Cir.1991) (*Hampton*), is highly relevant. In *Hampton*, a prisoner filed a federal habeas petition even though he had not filed a Mo.S.Ct.R. 91 petition. The state waived its exhaustion defense, *id.* at 431, but argued that the petitioner was nevertheless "in procedural default because he failed to raise his claims in a [state] action ... and his failure to even allege cause and prejudice should have formed the basis of the district court's dismissal with prejudice." *Id.* at 430. The district court rejected the state's waiver, holding that because the petitioner had not filed a Rule 91 petition, he had not exhausted his state remedies. The district court accordingly dismissed the petitioner's claims without prejudice.

On appeal, both parties argued that because it would be futile for the petitioner to pursue Rule 91 relief, he had in fact exhausted his state remedies. We disagreed, holding that because state courts had "refused to decide the question of the availability of Rule 91 relief [in similar cases] ... this is not an issue of such exceptional importance to the State that a federal court should reject the State's clear waiver of the exhaustion requirement." *Id.* at 431, citing *Fletcher v. Armontrout*, 725 F.Supp. 1075 (W.D.Mo.1989). We accordingly "remand[ed] for further proceedings in the district court where the initial inquiry must center on procedural default." *Id.* Thus, *Hampton* stands for the proposition that where a habeas petitioner fails to file a Rule 91 petition, but the state waives its exhaustion defense, the federal courts should accept the state's waiver of its exhaustion defense.

In the present case, as in *Hampton*, Dickens did not file a Rule 91 petition, and

---

**1.** Dickens argues that the district court need not address the procedural default issue, because exhaustion and procedural default are identical. It is well settled, however, that a court's procedural default inquiry must address both exhaustion and compliance with state procedural rules. *See Hampton v. Miller*, 927 F.2d 429, 431 (8th Cir.1991) (accepting waiver of exhaustion requirement, but nevertheless remanding for procedural default inquiry).

the state waived its exhaustion defense. We accordingly hold that the district court should have accepted the state's waiver of its exhaustion defense.

### III.

For the reasons stated above, we hold that the district court erred in rejecting the state's waiver of exhaustion. Accordingly, we reverse the order of the district court and remand this case for further proceedings consistent with this opinion.