**STATE of Missouri, Respondent,**

v.

**Sterling DICKENS, Appellant.**

**No. 46897.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 24, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied
March 8, 1984.

Hyatt Legal Services, Kenneth R. Singer, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Janet E. Papageorge, Asst. Atty. Gen., Jefferson City, Ann Fran Carpini, Asst. Pros. Atty., Clayton, for respondent.

CRIST, Presiding Judge.

Defendant was convicted by a jury of three counts of the Class A felonies of robbery in the first degree and one count of the Class B felony of burglary in the first degree. Defendant was sentenced by the court as a persistent offender for a period of life imprisonment for the offense, Count I: Robbery First Degree, a Class A felony; and a consecutive period of life imprisonment, as a persistent offender, for the offense, Count II: Robbery First Degree, a Class A felony; and a concurrent period of life imprisonment, as a persistent offender, for the offense, Count III: Robbery First Degree, a Class A felony, concurrent to Count I: and a concurrent period of imprisonment of Twenty (20) years for the offense, Count V: Burglary First Degree, a Class B felony, concurrent to Count I. We affirm.

At about 1:30 in the morning on December 28, 1980, in St. Louis County, defendant, with the aid of two women, another man and a gun, robbed father, mother and daughter and burglarized their home. Defendant does not question the sufficiency of the evidence. Defendant employed an alibi defense.

Defendant asserts the trial court erred in failing to declare a mistrial *sua sponte* because of the alleged impropriety of the prosecutor during closing argument. One of the defendant's alibi witness testified he and defendant worked on alibi witness' basement on the night of December 27–28. Further, on cross-examination, defendant's alibi witness testified he had talked to the prosecutor's investigator, and told him defendant was at his home attending a party, but on a different day, December 25–26.

On state's rebuttal, the investigator testified defendant's alibi witness told him defendant was attending a party at his home on December 27–28 and not December 25–26 and not working on alibi witness' basement. In chambers, defendant's lawyer indicated he was "in a box." He said the investigator was telling the truth, but was mistaken because defendant's lawyer was using the same alibi witness to prove defendant was not guilty of another, independent crime defendant was charged to have committed on December 25–26. Defendant made no offer of proof about the other charged crime, nor was there any evidence on it. The only reference in the record was that made by the defendant's lawyer.

■ Defendant says because of this knowledge his lawyer imparted to the court and the prosecutor in chambers, and because the prosecutor must otherwise have had such knowledge, it was unfair for the prosecutor to infer in closing argument his investigator had no reason to contact defendant's alibi witness regarding December 25–26. Defendant's contention has no merit for many reasons. There was no evidence nor offer of proof that defendant had been charged with another burglary on December 25–26. There was no objection nor request for mistrial. Defendant did not complain about the alleged error in his motion for new trial. Rule 29.11(d). *State v. Ashley*, 616 S.W.2d 556, 560–61 (Mo.App. 1981). Finding no manifest injustice nor miscarriage of justice, we decline to rule on plain error. Rule 30.20. See, *State v. Reed*, 629 S.W.2d 424, 429 (Mo.App.1981).

■ Finally, defendant says he was prejudiced when the trial court sustained the

prosecutor's relevancy objection. After defendant's lawyer stated he had problems about eliciting information regarding the other December 25–26 charged crime, he elected to call the same alibi witness for defendant's surrebuttal evidence. Defendant's lawyer again asked the alibi witness about the dates discussed between him and the prosecutor's investigator. He said it was December 25. He was then asked, "Can you tell what happened on the 25th of December?" The prosecutor objected on relevancy grounds, and the trial court sustained the objection. Defendant's lawyer made no offer of proof nor took any affirmative action with reference to the sustentation of the objections. The matter was dropped. There was no assertion of error relating thereto in his motion for new trial. Rule 29.11(d). Finding no manifest injustice nor miscarriage of justice, we decline to rule defendant's Point II on plain error. Rule 30.20.

Judgment affirmed.

PUDLOWSKI and SIMON, JJ., concur.