989 F.2d 504
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Sterling DICKENS, Appellant,
v.
Bill ARMONTROUT, Appellee.
 No. 92-2442.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: February 18, 1993.
Filed: March 31, 1993.
 
 Before McMILLIAN, MAGILL and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Sterling Dickens, a Missouri state prisoner, appeals from a final order entered in the District Court[1] for the Eastern District of Missouri denying his petition for writ of habeas corpus on the ground of procedural default. Dickens v. Armontrout, No. 89-2108C(6) (E.D. Mo. May 1, 1992) (memorandum following remand). For the reasons discussed below, we affirm the order of the district court.
 
 
 2
 Dickens was charged in state court with three counts of first degree robbery, one count of first degree assault, and one count of first degree burglary. Pre-trial motions to suppress statements, identification and evidence were denied. The state later charged Dickens as a persistent offender. The theory of defense was alibi. A jury found Dickens guilty on all counts. Post-trial motions were denied, and the state dismissed the assault count. The state trial court sentenced Dickens as a persistent offender to a total of two consecutive terms of life imprisonment. The convictions were affirmed on direct appeal. State v. Dickens, 667 S.W.2d 14 (Mo. Ct. App. 1984). The issues on direct appeal involved an alibi witness whose testimony implicated Dickens in another robbery. The motion for rehearing or transfer to the Missouri Supreme Court was denied.
 
 
 3
 Dickens next filed a habeas petition in federal district court. The district court dismissed the petition without prejudice as premature because Dickens had not exhausted available state remedies. Dickens then filed a Mo. S. Ct. R. 27.26 motion for post-conviction relief alleging ineffective assistance of counsel. The Rule 27.26 motion was denied after an evidentiary hearing, and the denial was summarily affirmed on appeal. Dickens v. State, 768 S.W.2d 672 (Mo. Ct. App. 1989) (per curiam).
 
 
 4
 In 1989 Dickens filed a pro se habeas petition in federal district court alleging (1) an in-court identification should have been suppressed because it was the result of an illegally suggestive out-of-court identification, (2) his privilege against self-incrimination had been violated, and (3) he received ineffective assistance of counsel because his trial attorney failed to properly question an alibi witness on direct examination. The petition was referred to a magistrate judge[2] pursuant to 28 U.S.C. § 636(b). The state conceded exhaustion of available state remedies and argued relief should be denied on the ground of procedural default because Dickens had failed to properly present these grounds for relief on direct appeal and in post-conviction relief proceedings and had failed to demonstrate cause to excuse the procedural default. The magistrate judge recommended denying the petition on the ground of procedural default. The district court denied relief without prejudice for failure to exhaust because Dickens could file a Mo. S. Ct. R. 91 motion for habeas relief. This court reversed and remanded the case to the district court, holding that the district court should have accepted the states waiver of the exhaustion defense. Dickens v. Armontrout, 944 F.2d 461 (8th Cir. 1991).
 
 
 5
 On remand the district court denied habeas relief on the ground of procedural default because Dickens had failed to raise any of his habeas grounds either on direct appeal in the state courts or in his Rule 27.26 motion for post-conviction relief. The district court found that Dickens had attacked in his state appellate briefs his trial attorneys failure to call or interview a potential alibi witness but not the questioning of the alibi witness on direct examination. The district court also analyzed the in-court identification and incriminating statement issues as claims of ineffective assistance of counsel and found that, although each claim had been raised in the Rule 27.26 motion, neither claim had been raised on direct appeal or on appeal from the denial of the Rule 27.26 motion. This appeal followed.
 
 
 6
 For reversal Dickens argues the district court erred in failing to find cause and actual prejudice to excuse the procedural default. Dickens argues he established cause because his trial counsel and appellate counsel were ineffective. We disagree. Dickens cannot rely on ineffective assistance of trial counsel or appellate counsel to establish cause for procedural default because he has not litigated these claims of ineffective assistance of counsel in the state courts as independent claims. See Murray v. Carrier, 477 U.S. 478, 479 (1986); Scroggins v. Lockhart, 934 F.2d 972, 975 (8th Cir. 1991). Because Dickens has failed to establish cause for procedural default, we need not consider the question of actual prejudice.
 
 
 7
 Accordingly, we affirm the order of the district court. See 8th Cir. R. 47B.
 
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri
 
 
 [2]
 The Honorable David D. Noce, Chief Magistrate Judge for the Eastern District of Missouri