United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 9, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40330
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL ANGEL MONTALVO-NUNEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-03-CR-755-ALL
--------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Montalvo-Nunez pleaded guilty to possession with intent to distribute approximately 96.6 kilograms of marijuana and was sentenced to 41 months' imprisonment and three years' supervised release. Montalvo-Nunez was among a group of persons carrying bundles of marijuana into the United States from Mexico. He contends that he should have been sentenced on the basis of the marijuana he carried only.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Under U.S.S.G. § 2D1.1(a)(3), the base offense level for a defendant convicted of a drug offense is determined based on the quantity of drugs involved. United States v. Hernandez-Coronado, 39 F.3d 573, 574 (5th Cir. 1994). Under U.S.S.G. § 1B1.3(a)(1), "[t]his quantity includes both drugs with which the defendant was directly involved and drugs that can be attributed to the defendant in a conspiracy as part of his relevant conduct." Id. The district court did not clearly err in finding that Montalvo-Nunez was responsible for the drugs carried by the others because he was engaged with them in a jointly undertaken criminal activity. Hernandez-Coronado, 39 F.3d at 574-75.

Montalvo-Nunez contends that 28 U.S.C. § 841(a) & (b) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). He acknowledges that this issue is foreclosed by United States v. Slaughter, 238 F.3d 580, 582 (5th Cir. 2000). He raises the issue to preserve it for possible further review.

AFFIRMED.