United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 19, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

))))))))))))))))))))))))))))

No. 04-40330
Summary Calendar

))))))))))))))))))))))))))))

UNITED STATES OF AMERICA,

                                          Plaintiff-Appellee,

versus

Miguel Angel Montalvo-Nunez,

                                          Defendant-Appellant,

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:03-CR-755-ALL

_____

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PER CURIAM:[*]

Miguel Angel Montalvo-Nunez pleaded guilty to one count of possession with the intent to distribute 96.6 kilograms of marijuana in violation of 21 U.S.C. § 841(a)(1)&(b)(1)(C). Pursuant to his guilty-plea conviction, the district court sentenced Montalvo-Nunez to forty-one months of imprisonment, to be followed by three years

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of supervised release.  This Court affirmed Montalvo-Nunez's judgment of conviction.  United States v. Montalvo-Nunez, 111 F. App'x. 779 (5th Cir. 2004).  Montalvo-Nunez filed a petition for certiorari.  The Supreme Court granted Montalvo-Nunez's petition, vacated this Court's judgment, and remanded the case for consideration in light of United States v. Booker, 125 S. Ct. 738 (2005).  Montalvo-Nunez v. United States, 125 S. Ct. 1683 (2005). We requested and received supplemental letter briefs addressing the impact of Booker and United States v. Mares, 402 F.3d 511 (5th Cir. 2005).

On remand, Montalvo-Nunez argues that the district court's belief that the sentencing guidelines were mandatory constituted error.  Montalvo-Nunez advanced this argument for the first time in his petition for certiorari.  Absent extraordinary circumstances, we will not consider a Booker-related claim when it is presented for the first time in a writ of certiorari.  United States v. Taylor, 409 F.3d 675, 676 (5th Cir. 2005).  Montalvo-Nunez has presented no evidence of extraordinary circumstances which would enable him "to show a 'possibility of injustice so grave as to warrant disregard of usual procedural rules.'"  United States v. Ogle, 415 F.3d 382, 383-84 (5th Cir. 2005)(quoting McGee v. Estelle, 722 F.2d 1206, 1213 (5th Cir. 1984)).

Even if showing such extraordinary circumstances were not required, because Appellant did not raise his Booker-related claims

in district court, any review would be for plain error.  See Mares, 402 F.3d at 520.  In order to establish plain error, Montalvo-Nunez must show: (1) error, (2) that is clear and obvious, and (3) that affects substantial rights.  Id.; United States v. Infante, 404 F.3d 376, 394 (5th Cir. 2005).  "'If all three conditions are met an appellate court may then exercise its discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" Mares, 402 F.3d at 520 (quoting United States v. Cotton, 535 U.S. 625, 631 (2002)).

Montalvo-Nunez acknowledges that, under Mares, his claim fails at the third step of the plain error analysis because he cannot demonstrate that the alleged error affected his substantial rights. However, Appellant contends that because the district court committed "structural error" by sentencing him under a mandatory Guidelines regime, prejudice to his substantial rights should be presumed.  This Court has rejected that contention as inconsistent with Mares.  United States v. Malveaux, 411 F.3d 558, 550 n.9 (5th Cir. 2005), petition for cert. filed (U.S. July 11, 2005)(No. 05-5297).  Moreover, there is no indication in the record that the district court would have imposed a lower sentence if the Guidelines had been advisory.  See Infante, 404 F.3d at 394-95.  Hence, Montalvo-Nunez cannot carry his "burden of demonstrating that the result would have likely been different had the judge been

sentencing under the _Booker_ advisory regime rather than the pre-_Booker_ mandatory regime." _Mares_, 402 F.3d at 522.

Because Appellant fails to demonstrate either plain error or extraordinary circumstances, we reinstate our prior opinion affirming Montalvo-Nunez's conviction and sentence.

AFFIRMED.