KING, Chief Judge,
concurring in part and concurring in the judgment:
I concur in the judgment, together with Parts A and B of the opinion, insofar as it affirms the convictions and sentences of Appellants. However, I respectfully disagree with the majority’s decision (set out in Part C.l of the opinion) to raise sua sponte an Apprendi issue that was neither preserved below nor raised on appeal to this court. It is error, and unfortunate as well, to embark on that path. If we limited ourselves to the issues raised in the district court and in Appellants’ briefs, we would do the required, and routine, analysis of the adequacy of the evidence supporting Appellants’ sentences in affirming all sentences (except for the sentence of Oscar Rodriguez, which the government concedes should be vacated).
First, Appellants did not raise the constitutional concern of Apprendi in any way, shape, or form. The Supreme Court defined the issue in Apprendi as “whether [the defendant] had a constitutional right to have a jury [make a finding] on the basis of proof beyond a reasonable doubt.” Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 2355, 147 L.Ed.2d 435 (2000). Appellants have never argued that the jury must find certain aspects of their case beyond a reasonable doubt.[1] Their gar *448 den-variety Sentencing Guidelines challenges all go toward the government’s failure to prove by a preponderance of the evidence the amount of the drugs attributed to them (and toward the district court’s decision not to permit them to cross-examine case agents during sentencing so that they could demonstrate that the government failed to carry its burden). As the briefs do not discuss Apprendi, we do not have the benefit of any party’s views on the matter.[2]
The majority raises the Apprendi issue sua sponte, however, stating that the preservation-of-issues rule is subject to the discretion of the court. In Silber v. United States, the Supreme Court stated: “While ordinarily we do not take note of errors not called to the attention of the Court of Appeals nor properly raised here, that rule is not without exception.” 370 U.S. 717, 717-18, 82 S.Ct. 1287, 8 L.Ed.2d 798 (1962). The Court then narrowly defined the contours of this exception: “In exceptional circumstances, especially in criminal cases, appellate courts, in the public interest, may, of their own motion, notice errors to which no exception has been taken, if the errors are obvious, or if they otherwise seriously affect the fairness, integrity or public reputation of judicial proceedings.” Id. at 718, 82 S.Ct. 1287 (emphasis added) (internal quotations omitted) (quoting United States v. Atkinson, 297 U.S. 157, 160, 56 S.Ct. 391, 80 L.Ed. 555 (1936)).[3] We have also recognized that we have the power to raise sua sponte an issue and examine it for plain error. See, e.g., United States v. Pineda-Ortuno, 952 F.2d 98, 105 (5th Cir.) (“Where plain error is apparent, the issue may be raised sua sponte by this court even though it is not assigned or specified.” (citing Silber)), cert. denied, 504 U.S. 928, 112 S.Ct. 1990, 118 L.Ed.2d 587 (1992).
Thus, I whole-heartedly agree that the preservation-of-issues rule is not without exception, albeit limited. However, I have been unable to find a case in which a court sua sponte raised an issue, but then afforded no relief.[4] The core idea underly *449 ing sua sponte consideration is to correct some terrible error that resulted in a gross miscarriage of justice. See McGee v. Estelle, 722 F.2d 1206, 1213 (5th Cir.1984) (refusing to examine issues not raised “absent the possibility of injustice so grave as to warrant disregard of usual procedural rules”). It makes no sense to cast aside a fundamental rule of appellate review, regarding preservation of issues, and address an error, but then conclude that the error is not so egregious that it impairs the integrity of the judiciary. While courts are not always entirely precise in terminology, there does not appear to be a distinction between “noticing” errors and “correcting” errors. In Johnson v. United States, the Supreme Court indicated as such by using the term “notice” in its analysis of the United States v. Olano, 507 U.S. 725, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993), plain error standard of review: “If all three conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if ... the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.” 520 U.S. 461, 467, 117 S.Ct. 1544, 137 L.Ed.2d 718 (1997) (emphasis added) (second alteration in original) (internal quotations and citations omitted); see also id. at 470, 117 S.Ct. 1544 (using the terms “correct” and “notice” interchangeably). Therefore, when courts do sua sponte evoke plain error review, they have generally done so to correct grievous mistakes. See, e.g., Silber, 370 U.S. at 717, 82 S.Ct. 1287; Pineda-Ortuno, 952 F.2d at 105; cf. Petrocelli v. Angelone, 242 F.3d 867, 875-76 (9th Cir.2001).
As the majority correctly points out, the evidence of the drug quantities attributable to Appellants in this case was overwhelming and another trial would likely reach the same result. Therefore, there is no grave injustice that necessitates our reaching past the preservation-of-issues rule and sua sponte conducting plain error review. A routine analysis of the sufficiency of the evidence is all that is required to dispose of Appellants’ claims in this regard.

. The majority states that one of the Appellants refers to Apprendi in a post-argument brief. In a letter brief responding to a brief that we asked the government to file providing record support for each Appellant’s sentence, one of the Appellants, Abel Espinoza, actually represented Apprendi as having only "tangential effects, if any,” on this case. He also recognized the policy underlying the preservation-of-issues rule — that the government would not have an opportunity to respond — and stated that he did not wish to "sand bag" the government. See United States v. Garcia Abrego, 141 F.3d 142, 168 n. 14 (5th Cir.) (stating that appellant could not raise arguments for the first time in post-oral argument letter brief, which, pursuant to court instructions, was to address only ade *448 quacy of record support for arguments that had already been made), cert. denied, 525 U.S. 878, 119 S.Ct. 182, 142 L.Ed.2d 148 (1998). Rather, he cited Apprendi for his contention that the district court's "sentencing policy ... may well merit increased scrutiny in light of the High Court’s [holding].”

. The majority cites Hatley v. Lockhart, 990 F.2d 1070, 1073 (8th Cir.1993), to support its view that it is proper to exercise our discretion in this case to address an issue not raised by any party. However, I note that in Hatley, the Court of Appeals for the Eighth Circuit recognized the problematic issue and requested supplemental briefing, thus providing all parties with the opportunity to provide input on the matter. See id. I am reluctant to express any opinion on the correctness of the majority's analysis of the Apprendi error because we have had no briefing whatsoever on that issue.

. I note that, in Silber, the defendant did raise the issue in the trial court, but then failed to raise it at all in the appellate court or the Supreme Court.

. The majority cites United States v. Marcello, 423 F.2d 993, 1006 (5th Cir.), cert. denied, 398 U.S. 959, 90 S.Ct. 2172, 26 L.Ed.2d 543 (1970), in which the court stated that there was no error in the trial court’s denial of the defendant’s second motion for a change of venue. The court made this determination despite the fact that the issue was not briefed. In Marcello, the defendant had raised and discussed a similar issue regarding the first motion for a change of venue. See id. at 1001-06. Further, it is not clear whether this topic was perhaps raised at oral argument.
The majority also cites Securities & Exchange Commission v. Recile, 10 F.3d 1093, 1096 (5th Cir.1993), for the proposition that we must liberally construe briefs in determining what issues have been presented for appeal. However, the Recile court continued by stating that "issues not raised at all are waived.” Id. (emphasis added).