# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 10, 2010

Charles R. Fulbruge III
Clerk

No. 09-60315
Summary Calendar

BABOO BHAI MOMIN MUHAMMAD,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A096 330 600

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Baboo Bhai Momin Muhammad, a native and citizen of Pakistan, petitions this court for review of the Board of Immigration Appeals's (BIA) decision dismissing his appeal. The BIA's decision affirmed an immigration judge's (IJ) order finding Muhammad removable and denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60315

(CAT).  For the reasons stated below, we DISMISS the petition in part and DENY it in part.

## FACTS AND PROCEEDINGS

Muhammad, a member of the Shi'a Ismaili minority Muslim religious sect, entered the United States in August 1993 without being admitted or paroled. The Department of Homeland Security commenced removal proceedings against him in May 2006.  It charged Muhammad with removability pursuant to 8 U.S.C. § 1182(a)(6)(A)(i).  Muhammad appeared before an IJ and, through counsel, admitted the allegations against him and conceded removability. Claiming that he was persecuted by Sunni Muslims because of his religion, Muhammad submitted an application for asylum, withholding of removal, and CAT protection.  He testified that he fears future persecution on religious grounds if he is returned to Pakistan.

Muhammad's claimed fear of religious persecution should he be returned is based on four incidents that occurred between 1991 and 1993.  He testified before the IJ that, while employed as a milk deliveryman, he was robbed twice by individuals he believed to be Sunni Muslims; during one of the attacks, he was hit on the head and required stitches.  He also testified, however, that his attackers would have had no way of identifying him as a member of a minority religious group, and that all of his fellow milkmen received similar violent demands for money.  In another incident that appears to have been related to his job, unknown individuals who Muhammad believes were Sunni Muslims broke his car windows and slashed his tires. Muhammad testified that on one occasion a group of Sunni Muslims threw stones at his window, one of which injured his wife, and told Muhammad to leave his religion and start following theirs.  He

2

No. 09-60315

stated that the police were indifferent to his problems. Muhammad also testified that one of his three sons remained in Pakistan and was threatened by Sunni Muslims, who purportedly made death threats against Muhammad (in absentia) and his son for not giving them money.

The IJ denied Muhammad's applications for asylum, withholding of removal, and protection under the CAT. The IJ determined that Muhammad had not filed his asylum application within the applicable time limit, *see* 8 C.F.R. 1208.4(a)(2), and that he did not have a qualifying excuse for his failure to do so. Considering Muhammad's application for withholding of removal, the IJ found that Muhammad had not established that the four incidents were motivated by his religious identity and that he did not have a well-founded fear of future persecution. Finally, the IJ found that there was no evidence that the Islamic Republic of Pakistan, or anyone acting with its acquiescence, had targeted Muhammad for torture.

Muhammad appealed to the BIA and challenged the IJ's denial of his application for withholding of removal. He did not contend that the IJ erred in denying his asylum or CAT claims, which the BIA agreed had been correctly denied. The BIA determined that the robberies and tire-slashing incident were the result of criminal activity and did not constitute religious persecution. It held that the rock-throwing incident, while it may have been motivated by Muhammad's religious identity, was not egregious enough to rise to the level of persecution. The BIA dismissed Muhammad's petition on March 30, 2009. Muhammad timely filed a petition for review.

No. 09-60315

## DISCUSSION

In his appeal to this court, Muhammad contests only the BIA's finding on religious persecution as it relates to his application for withholding of removal.[1]

The BIA found that Muhammad's run-ins with Sunni Muslims did not constitute persecution on account of his religion. This court gives substantial deference to such findings of fact.[2] They are reviewed for substantial evidence, "which requires that the BIA's decisions be supported by record evidence and be substantially reasonable." *Shaikh v. Holder*, 588 F.3d 861, 863 (5th Cir. 2009) (citation and quotation omitted). The BIA's findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Chen v. Gonzales*, 470 F.3d 1131, 1134 (5th Cir. 2006). We apply this deferential standard in reviewing the BIA's factual conclusion that an applicant is not eligible for withholding of removal. *See Chen*, 470 F.3d at 1134. "[R]eversal is improper unless we decide not only that the evidence supports a contrary conclusion, but also that the evidence *compels* it." *Id.* (quotation omitted). "The applicant has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.*

---

[1] The government contends that Muhammad is statutorily barred from challenging the BIA's asylum determination. Assuming *arguendo* that he were able to appeal to this court the BIA's conclusion that he did not qualify for asylum or protection under the CAT, Muhammad has waived those arguments. "We do not examine issues not raised on appeal 'absent the possibility of injustice so grave as to warrant disregard of usual procedural rules.'" *Calderon-Ontiveros v. I.N.S.*, 809 F.2d 1050, 1052 (5th Cir. 1986) (quoting *McGee v. Estelle*, 722 F.2d 1206, 1213 (5th Cir. 1984) (en banc) (footnote omitted)). There is no such possibility of grave injustice here.

[2] We review the BIA's decision, rather than the IJ's decision, because the BIA conducted a *de novo* review of the record evidence. *Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004).

No. 09-60315

To be eligible for withholding of removal, an applicant must demonstrate a clear probability of persecution should he be forced to return to his home country. *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004). "A clear probability means that it is more likely than not that the applicant's life or freedom would be threatened by persecution on account of either his race, religion, nationality, membership in a particular social group, or political opinion." *Id.* "Persecution" requires a showing that "harm or suffering will be inflicted" on the applicant to punish him "for possessing a belief or characteristic a persecutor sought to overcome." *Faddoul v. I.N.S.*, 37 F.3d 185, 188 (5th Cir. 1994). To be eligible for withholding of removal, Muhammad must demonstrate a particularized connection between the persecution and his religion—a demonstration that requires "specific, detailed facts showing a good reason to fear that he . . . will be singled out for persecution." *Id.* (emphasis omitted). A showing of past persecution creates a rebuttable regulatory presumption that the applicant will face future persecution. *Zhu v. Gonzales*, 493 F.3d 588, 599 (5th Cir. 2007) (citing 8 C.F.R. § 208.16(b)(1)).

The BIA's factual determination that the incidents cited by Muhammad do not rise to the level of past persecution and that the evidence does not demonstrate a clear probability of future persecution was reasonable. The BIA noted that Muhammad could not identify anyone he believed was responsible for the damage to his car. It found that the two robberies had to do with the Sunni Muslim attackers' desire for money from Muhammad, not his religion, especially considering Muhammad's testimony that the attackers had no way of knowing he was not a Sunni. Finally, the BIA agreed that the rock-throwers "did appear to be motivated by a desire for [Muhammad] to convert to their Sunni religion,"

5

No. 09-60315

but held that all of the incidents were "relatively minor" and that, taken together, they did not rise to the level of past persecution.

Muhammad's evidence is not so overwhelming that a reasonable factfinder would be compelled to find past persecution or a fear of future persecution. First, none of the three job-related incidents compels a finding of persecution. Private violence or other criminal activity unconnected to a protected ground—here, religion—does not suffice to show persecution on account of a protected ground. *See Thuri v. Ashcroft*, 380 F.3d 788, 792-93 (5th Cir. 2004). Second, while the rock-throwing incident may have been motivated by Muhammad's religion, the BIA was not out of bounds in finding it insufficiently serious to rise to the level of past persecution. This court has adopted the BIA's definition of persecution as:

> [T]he infliction of suffering or harm, under government sanction, upon persons who differ in a way regarded as offensive (*e.g.*, race, religion, political opinion, etc.), in a manner condemned by civilized governments. The harm or suffering need not be physical, but may take other forms, such as the deliberate imposition of severe economic disadvantage or the deprivation of liberty, food, housing, employment or other essentials of life.

*Abdel-Masieh v. I.N.S.*, 73 F.3d 579, 583 (5th Cir. 1996) (quotation omitted). In *Eduard v. Ashcroft*, this court upheld the IJ's finding of no past persecution for an applicant who was hit and beaten for refusing to say Muslim prayers and another applicant who was struck with a rock, presumably thrown by a Muslim, on his way to church. 379 F.3d 182, 187-88 (5th Cir. 2004). The *Eduard* court held that substantial evidence supported the IJ's findings where neither applicant was "interrogated, detained, arrested, or convicted in Indonesia," and

6

No. 09-60315

only one of them suffered physical injury. *Id.* at 188. The rock-throwing incident here is similar to the one we found insufficient to compel a finding of persecution in *Eduard*. Both were isolated acts that do not suffice, on their own, to compel a finding of persecution.

To the extent that Muhammad argues that the BIA applied an incorrect legal standard in finding that the incidents of rock-throwing at his house did not rise to the level of persecution, but rather were harassment, we find this argument without merit. We have previously held that "[n]either discrimination or harassment ordinarily amounts to persecution . . . even if the conduct amounts to 'morally reprehensible' discrimination on the basis of race or religion." *Eduard*, 379 F.3d at 188. As discussed *supra*, substantial evidence supports the BIA's conclusion that the cited incidents do not rise to the level of persecution.

Finally, the evidence does not compel a finding that Muhammad demonstrated a clear probability of future persecution. The BIA found that Muhammad's fear of returning to Pakistan "is based on his interactions with individuals who committed criminal acts against him, and not based on one of the protected grounds." Muhammad's evidence does not compel a different conclusion.

## CONCLUSION

Muhammad's petition for review of the BIA's denial of his asylum and CAT applications is DISMISSED; his petition for review of the BIA's denial of his application for withholding of removal is DENIED.

7